**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT POMPILO,

                          Plaintiff,              3:25-cv-1088
                                              (ECC/ML)

v.

UNITED STATES SMALL BUSINESS
ADMINISTRATION,

                          Defendant.

---

Robert Pompilo, *Pro Se Plaintiff*
Ransom P. Reynolds, Esq., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

On June 11, 2024, Plaintiff Robert Pompilo initiated this action in the Supreme Court of New York, County of Delaware, against Defendant United States Small Business Administration, seeking to quiet title on the premises known as 2211 Silver Lake Road, Hancock, New York 13783 (the Premises). Dkt. No. 2. The action was removed to this Court, pursuant to 28 U.S.C. § 1442(a)(1), by Defendant, an agency of the United States, which holds a mortgage on the Premises.

### I.    FACTS[1]

Plaintiff is the owner of the Premises. Dkt. No. 2 ¶¶ 1, 5. On December 3, 2021, Defendant authorized an Economic Injury Disaster Loan (the Loan) to a business owned by Plaintiff and his

---

[1] These facts are drawn from the complaint and exhibits to Defendant's motion to dismiss. Multiple Circuit Courts, including the Second Circuit, have specifically allowed that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1988 ("In determining whether these claims were properly dismissed under Rule 12(b)(6), we may of course refer to the [contract documents], which were annexed to defendants' motion to

business partner, Gary Arena, named Fulton Village Surveyors. *Id.* at ¶ 4; Dkt. No. 15-3. The

Loan was authorized up to the amount of $265,800.00, Dkt. No. 15-3 ¶ 1, and was advanced in the

amount of $233,300.00 on January 5, 2002, Dkt. No. 15-5 at 1. Fulton Village Surveyors agreed

to pay the sum of $265,800.00 plus interest at the rate of four percent per annum with interest and

principal in the amount of $1,338.00 payable monthly, with the balance due on January 3, 2032.

Dkt. No. 15-3 ¶¶ 1, 3. Plaintiff and Arena both personally guaranteed the Loan, and both were

jointly and severally liable for the Loan. *Id.* at ¶¶ 8, 10. As collateral security for the payment of

the Loan, liens were placed against residences owned by Plaintiff and Arena. Dkt. No. 2 ¶ 5; Dkt.

No. 15-4. On April 9, 2002, Plaintiff executed an Unconditional Guarantee, unconditionally

guaranteeing payment to Defendant of all amounts owing under the Loan and that the "Guarantee

remains in effect until the note is paid in full . . . SBA is not required to seek payment from any

other source before demanding payment from Guarantor." Dkt. No. 15-5 ¶ 1.

Fulton Village Surveyors is no longer operating. Dkt. No. 2 ¶ 6. In August 2008, Arena's

residence went into foreclosure, a proceeding in which Defendant did not appear. *Id.* ¶ 7. Plaintiff

---

dismiss and are documents that are integral to plaintiff's claims." (citing *Furman v. Cirrito,* 828 F.2d 898, 900 (2d Cir. 1987); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, n.18; *id.* § 1364 n.21)); *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997); *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994). The following exhibits attached to Defendant's motion to dismiss will therefore be considered for the purposes of the motion to dismiss, as they are integral to Plaintiff's claims: Exhibit A to the Declaration of Jessica Keltz, the Small Business Administration Note authorizing the Economic Injury Disaster Loan to Fulton Village Purveyors, Inc. (Dkt. No. 15-3), Exhibit B to the Declaration of Jessica Keltz, the Mortgage by which Plaintiff and his business partner guaranteed the Loan (Dkt. No. 15-4), and Exhibit C to the Declaration of Jessica Keltz, the SBA Unconditional Guarantee, which guaranteed payment to Defendant of the amounts owing under the Note (Dkt. No. 15-5). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

states that no collection efforts have been taken by Defendant prior to commencing this action. *Id.* ¶¶ 6, 10.

Plaintiff seeks to quiet title, contending that, because the six-year statute of limitations period has run on the underlying obligation, Defendant is precluded by 28 U.S.C. § 2415(a) and § 213(4) of the New York Civil Practice Law and Rules from foreclosing on the mortgage. Plaintiff also seeks an order compelling Defendant to cancel and remove its lien on the Premises, a declaration and determination that Plaintiff is the lawful owner of the Premises, free from any claim, lien, or encumbrance by Defendant, and a judgment permanently enjoining Defendant from encumbering the Premises as payment for the Loan. *See generally* Dkt. No. 2.

Defendant moves to have Plaintiff's action dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. Defendant argues that Defendant's right to foreclose its lien is governed by 28 U.S.C. § 2415(c), rather than 28 U.S.C. § 2415(a) (cited by Plaintiff), and that therefore the New York State statutes of limitation do not apply to Defendant. *See generally* Dkt. No. 15-1. Plaintiff, who is proceeding *pro se*, has not submitted a response to this motion even though he was served with the motion papers by mail, Dkt. No. 16, and the Clerk's Office sent a notice of the due date to respond to both Plaintiff and the attorney who represented him before the case was removed to federal court, Dkt. No. 17. For the reasons that follow, Defendant's motion is granted.

## II.     LEGAL STANDARD

### A.     Motions to Dismiss Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may seek dismissal of a plaintiff's action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court must "draw all reasonable inferences in Plaintiff['s] favor, 'assume all well-pleaded factual allegations to be true, and determine whether they plausibly

give rise to an entitlement to relief.'"  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)); *see also Iqbal*, 556 U.S. at 678.  A plaintiff is entitled to relief if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'"  (quoting *Twombly*, 550 U.S. at 570)). Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Merckx v. Rensselaer Cnty.*, No. 1:23-cv-1354 (FJS/MJK), 2026 WL 775945, at *4 (N.D.N.Y. Mar. 19, 2026) (same).

When a plaintiff proceeds *pro se*, however, the Court may also consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint." *Alsaifullah v. Furco*, No. 12 Civ. 2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted).  Here, while Plaintiff had the assistance of counsel in drafting his complaint, because he currently proceeds in this action *pro se* and has not submitted a response to this motion, the complaint shall be construed liberally.  *See, e.g.*, *Geaney v. McCarron*, No. 01 Civ. 9260, 2003 WL 1701975, at *2 n.1 (S.D.N.Y. Mar. 31, 2003).

## III.   DISCUSSION

### A.   28 U.S.C. § 2415

Defendant moves to dismiss on the basis that its right to foreclose is governed by 28 U.S.C. § 2415(c), and not § 2415(a) as alleged by Plaintiff.  Accordingly, Defendant argues, it is not bound by the six-year statute of limitations contained in § 2415(a).  Dkt. No. 15-1 at 5-6.

An action by the United States to foreclose a mortgage is not governed by 28 U.S.C. § 2415(a).  *See, e.g.*, *Westnau Land Corp. v. U.S. Small Bus. Admin.*, 1 F.3d 112, 116 (2d Cir. 1993); *United States v. Matthews*, No. CV 86–3645, 1988 WL 76567, at *1 (E.D.N.Y. 1988) (citation omitted); *United States v. Freidus*, 769 F. Supp. 1266, 1273 (S.D.N.Y. 1991).  As articulated by the Second Circuit in *Westnau*, "federal court[s] . . . constru[e] § 2415(a) as inapplicable to foreclosure actions invok[ing] the settled rule that 'the United States is not bound by a statute of limitations unless Congress has explicitly expressed one.'"  1 F.3d at 115 (quoting *United States v. Ward*, 958 F.2d 500, 502 (10th Cir. 1993)).  Therefore, statutes of limitations such as § 2415(a) "'must receive a strict construction in favor of the Government.'"  *Id.* (quoting *Badaracco v. Comm'r*, 464 U.S. 386, 398 (1984)).  A plain reading of § 2415(a) reveals that the six-year statute of limitations referenced applies only to actions for "money damages brought by the United States."  In contrast, 28 U.S.C. § 2415(c) outlines the right to "bring[] an action to establish the title to, or right of possession of, real or personal property."  Notably, under New York law, a creditor must choose to pursue remedies of an action for money damages on a debt or an equitable action to foreclose a mortgage that secures the debt – not both simultaneously.  *See Westnau*, 1 F.3d at 115 (collecting cases).  Therefore, the right to foreclose on the Premises is governed solely by 28 U.S.C. § 2415(c), not § 2415(a) as Plaintiff asserted in his complaint.

28 U.S.C. § 2415(c) specifically states that "[n]othing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal

property." Based on the clear text of the statute, no statute of limitations exists for an action brought under § 2415(c). Therefore, construing Plaintiff's complaint liberally due to his *pro se* status, Defendant's motion to dismiss Plaintiff's claim for quiet title pursuant to § 2415(a) is granted.

### B.    Applicability of New York Law

Defendant also moves to dismiss Plaintiff's claim to quiet title premised on New York State statute of limitations restrictions. Dkt. No. 15-1 at 7; *see also* Dkt. No. 2 at ¶ 9. Specifically, Defendant contends that state law cannot limit the right of the United States to collect its debts. Dkt. No. 15-1 at 7.

The Second Circuit in *Westnau* held that mortgage foreclosure actions brought by the United States are not governed by state statutes of limitations, reasoning that in the absence of a limitations period governing foreclosure actions by the federal government, there "is no vacuum to fill because the ancient rule that the United States is not subject to a limitations period clearly addresses the issue presented." 1 F.3d at 117 (citations and internal quotation marks omitted). Furthermore, the Supreme Court has "consistently held that federal law governs questions involving the rights of the United States arising under nationwide federal programs." *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726 (1979); *see United States v. John Hancock Mutual Life Ins. Co.*, 364 U.S. 301, 308 (1960) ("the United States is not subject to local statutes of limitations"). Thus, the federal government is "never time barred from bringing a foreclosure action because of a statute of limitations." *Long Island Realty Grp. VII v. U.S. Dept. of Housing & Urban Dev.*, No. 03-cv-6105, 2005 WL 2179687, at *2 (E.D.N.Y. Sept. 9, 2005).

Moreover, the terms of Defendant's Note and Guarantee with Plaintiff specifically contemplate the applicability of federal law to the underlying Loan. Indeed, the Note and Guarantee states that it "will be interpreted and enforced under federal law," that it "will be

construed and enforced under federal law," and that the Guarantor (Plaintiff) "may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law." Dkt. No. 15-5 ¶ 5.

Based on the foregoing, Defendant's motion to dismiss Plaintiff's claim to quiet title premised on the New York State statute of limitations is granted.

## IV.    LEAVE TO AMEND

"Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000). A pro se plaintiff should have at least once chance to amend if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). However, leave to amend is not warranted when the "problem with [the plaintiff's] cause[ ] of action is substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see id.* ("a court may deny even a pro se plaintiff leave to amend when amendment would be futile").

Here, Plaintiff's quiet-title action is premised on Defendant's purported failure to foreclose on the subject liens within certain statutes of limitation imposed by federal and state law. As explained above, Defendant's right to collect on its debt is not restricted on these bases, and it is unclear how the Plaintiff could amend to overcome the deficiencies in his pleading. Furthermore, Plaintiff did not oppose the Defendant's motion to dismiss, and has not requested leave to amend. *See Abreu v. Fairway Mkt. LLC*, No. 17-cv-9532, 2018 WL 3579107, at *1 (S.D.N.Y. July 24, 2018) (denying leave to amend because "failure to meaningfully engage with the [d]efendants' arguments amounts to a waiver of [the plaintiff's] opportunity to respond") (citing *Felske v. Hirschmann*, No. 10-cv-8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012)); *see also Clarke v. Leading Hotels of the World, Ltd.*, No. 15-CV-8, 2015 WL 6686568, at *5 (S.D.N.Y. Oct. 29,

2015) (denying leave to amend sua sponte in part because the plaintiff did not oppose the motion to dismiss).

Notwithstanding the foregoing, in an abundance of caution and given Plaintiff's *pro se* status, if Plaintiff seeks leave to amend Plaintiff may file a letter of no more than three pages, explaining what legal claims he seeks to bring and how, in light of this decision, any such claims are not futile.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss, Dkt. No. 15, is **GRANTED** and the Complaint is **DISMISSED;** and it is further

**ORDERED** that if Plaintiff seeks to amend his complaint, Plaintiff must file a letter of no more than three pages by May 29, 2026, explaining what legal claims he seeks to bring and how, in light of this decision, any such claims are not futile, and the moving Defendants may respond to this letter by June 5, 2026; and it is further

**ORDERED** that the Clerk shall close this case without further order if Plaintiff fails to file a letter in accordance with this decision by May 29, 2026; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 18, 2026

Elizabeth C. Coombe
U.S. District Judge

8